IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JOHN COOPER,                          :
                                      :
          Plaintiff                   :       CIVIL NO. 3:CV-13-2153
                                      :
     v.                               :
                                      :       (Judge Conaboy)
                                      :
STATE OF PENNSYLVANIA, ET AL.,        :
                                      :
          Defendants                  :
_____

## MEMORANDUM
## Background

John Cooper, an inmate presently confined at the State

Correctional Institution, Frackville, Pennsylvania (SCI-Frackville)

initiated this pro se civil rights action pursuant to 42 U.S.C. §

1983.  Named as Defendants are the Commonwealth of Pennsylvania,

and two SCI-Frackville officials, Superintendent Tritt and Business

Manager Dorzinsky. Accompanying the Complaint is a request for

leave to proceed in forma pauperis.  See Doc. 2.

The Complaint is currently before the Court for preliminary

screening pursuant to 28 U.S.C. § 1915(e)(2)(b).  For the reasons

that follow, Plaintiff's action will be dismissed without

prejudice.

It is initially noted that the Complaint is set forth in a

rambling fashion and includes allegations which are clearly

delusional.  Plaintiff states that he has been in prison since 1976

because "I won war for the United States."  Doc. 1, p. 4.[1]  Cooper

adds that he is still incarcerated because of the "Northwestern

King's Old War Law Book" and a "fraudulent Presidential pardon."[2]

Id.

The Complaint next vaguely claims that in 1985 the United

States Supreme Court ordered that Plaintiff be discharged from

prison at the age of 54.  See Doc. 1, ¶ IV (1).  Since Cooper lists

his year of birth as being 1958, he is apparently contending that

he is being illegally confined.

Cooper further maintains that he was supposed to have been

discharged from "Farview" in 2006 or this year.[3]  Id. at (2).  It

is also alleged that in 1994, the SCI-Huntingdon Business Manager

(who is not named as a defendant in this matter) sent President

Clinton "nine hundred decillion dollars to the tenth power."  Id.

at p. 5. One year later, Cooper generally claims that he received a

---

[1]  Cooper also avers that he is an enemy who won six (6) wars
while in prison.

[2]  Attached to the Complaint is a purported letter dated May
30, 1995 from President William Clinton which states that President
Clinton concurs with the decision of former President Ronald Regan
to grant Cooper a presidential pardon.  See id. at p. 5.  The
letter is clearly a forgery

[3]  Plaintiff may be referencing Farview State Hospital a
former state facility which housed Pennsylvania state criminal
offenders with mental health problems.
    Alternatively, he may be referring to the State
Correctional Institution, Waymart, Pennsylvania (SCI-Waymart) which
is located on the same site as the former Farview State Hospital.
SCI-Waymart includes a treatment unit for prisoners requiring
psychiatric care.

fraudulent presidential pardon.  Thereafter, in 1998 the SCI-
Frackville Business Manager allegedly sent Michele Cooper "ten
groups of nine hundred decillion dollars apparently because
Plaintiff "told him to send her one (1) billion dollars."  Id.  The
Complaint adds

> "I have not received restitution from either case.  I am
> asking the Federal Judge to have my money sent to me or place
> it in the 'World Court'.  I am a "Total Rich' King.  In the
> "World Court" I am King John Dennis Cooper."

Id.

As relief Plaintiff seeks dismissal of his criminal
conviction, a pardon, his immediate release from confinement as
well as compensatory and nominal damages.  He also asks that the
"Business Manager" (presumably at SCI-Frackville) transfer $2,
000.00 dollars to his "exposed" account and that said official be
investigated by the Federal Bureau of Investigation.  Id. at ¶ IV
(3).

**Discussion**

When considering a complaint accompanied by a motion to
proceed in forma pauperis, a district court may rule that process
should not issue if the complaint is malicious, presents an
indisputably meritless legal theory, or is predicated on clearly
baseless factual contentions.  Neitzke v. Williams, 490 U.S. 319,
327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130,
132 (3d Cir. 2008).  Indisputably meritless legal theories are
those "in which either it is readily apparent that the plaintiff's
complaint lacks an arguable basis in law or that the defendants are

3

clearly entitled to immunity from suit ... ."  Roman v. Jeffes, 904

F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d

1277, 1278 (11th Cir. 1990)).

**Habeas Corpus**

    The Complaint includes factual assertions that Cooper is being

improperly confined.  In addition, as partial relief, Cooper seeks

his immediate release, a pardon, and the dismissal of his

underlying criminal conviction.  See Doc. 1, ¶ IV.  It is well-

settled that inmates may not use civil rights actions to challenge

the fact or duration of their confinement or to seek earlier or

speedier release.  Preiser v. Rodriguez, 411 U.S. 475 (1975).  The

United States Court of Appeals for the Third Circuit has similarly

recognized that civil rights claims seeking release from

confinement sounded in habeas corpus.  See Georgevich v. Strauss,

772 F.2d 1078, 1086 (3d Cir. 1985).

    In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United

States Supreme Court concluded that a civil rights claim for

declaratory relief "based on allegations ... that necessarily imply

the invalidity of the punishment imposed, is not cognizable" in a

civil rights action.  Id. at 646.  Pursuant to the standards

announced in Georgevich and Edwards, Plaintiff's present claims of

illegal confinement and related requests to be released, pardoned

and have his criminal conviction overturned are not properly raised

in a civil rights complaint.  Accordingly, those claims will be

dismissed without prejudice to any right Cooper may have to pursue

4

said allegations via a federal habeas corpus petition.

## Commonwealth of Pennsylvania

The United States Supreme Court has ruled that a civil rights action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978). In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity" are not subject to civil rights liability in federal court. Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, the Commonwealth of Pennsylvania is not a properly named Defendant in this matter.

## Superintendent Tritt

The named Defendants include SCI-Frackville Superintendent Tritt. However, there are no factual allegations set forth in the Complaint which allege that Defendant Tritt had personal involvement in any violation of the Plaintiff's constitutional rights.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638

5

(3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

As noted above, there are no factual assertions set forth which could support a claim that Superintendent Tritt had any personal involvement in any acts of constitutional misconduct. Accordingly, it appears that Cooper is attempting to establish liability against Superintendent Tritt solely on the basis of his supervisory capacity within SCI-Frackville. Accordingly, under the personal involvement pleading requirements of Rode, dismissal will be granted in favor of Defendant Tritt.

6

**Heck**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court
ruled that a constitutional cause of action for damages does not
accrue "for allegedly unconstitutional conviction or imprisonment,
or for other harm caused by actions whole unlawfulness would render
a conviction or sentence invalid," until the plaintiff proves that
the "conviction or sentence has been reversed on direct appeal,
expunged by executive order, declared invalid by a state tribunal
authorized to make such determination, or called into question by a
federal court's issuance of a writ of habeas corpus." Id. at 486-
87.

As previously noted, Cooper raises outlandish claims that he
remains confined despite that the fact that he was granted
presidential pardons by two United States Presidents and that the
United States Supreme Court ordered his release over twenty-five
years ago in 1985. Based on the nature of Plaintiff's
allegations, a finding in his favor would imply the invalidity of
his ongoing state confinement. There is no indication that Cooper
has successfully challenged either his state criminal conviction or
the length of his ongoing incarceration.

Consequently, pursuant to Heck, Cooper's instant Complaint to
the extent that it seeks an award of monetary damages on the basis
of illegal confinement is premature because he cannot maintain a
cause of action for an unlawful conviction or an excessive
imprisonment until the basis for the conviction and imprisonment is
overturned.

7

**Business Manager Dorzinsky**

The Complaint also includes wild accusations that: (1) in 1994 the SCI-Huntingdon Business manager sent President Clinton "nine hundred decillion dollars to the tenth power" which apparently resulted in the issuance of a fraudulent presidential pardon the following year; and (2) in 1998 the SCI-Frackville Business Manager sent an individual named Michelle Cooper (presumably one of the Plaintiff's relatives) "ten groups of nine hundred decillion dollars." Doc. 1, p. 4. Plaintiff is apparently claiming that those monies should be returned to him or placed in the "World Court" where he is "King John Dennis Cooper." Id.

The United States Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (stating that baseless factual contentions describe scenarios clearly removed from reality).

Without unnecessary elaboration, Plaintiff's claims that outlandish sums of monies were sent by business managers at two Pennsylvania state correctional facilities to President Clinton and Michele Cooper during the 1990s and which are supported only by an obviously forged letter allegedly signed by President Clinton appear to be solely the result of a delusional scenario created by Cooper. Plaintiff's additional outlandish assertions of being: granted release by the United States Supreme Court in 1985; known as Total Rich King John Dennis Cooper in the World Court; and

8

awarded presidential pardons by Presidents Regan and Clinton;

likewise seem to be part of an imaginary scenario created by

Cooper. Accordingly, those clearly baseless allegations will be

<u>sua</u> <u>sponte</u> dismissed under the standards announced in <u>Denton</u>.

**Conclusion**

Since Murray's civil rights complaint is "based on an

indisputably meritless legal theory," it will be dismissed, without

prejudice, as legally frivolous. <u>Wilson</u>, 878 F.2d at 774. An

appropriate Order will enter.


S/Richard P. Conaboy_____
RICHARD P. CONABOY
United States District Judge

DATED: OCTOBER 18, 2013